**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STACY DESHON BROWN, #1421201,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:09-CV-1113-G** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state

prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice

– Correctional Institutions Division (TDCJ-CID) at the Coffield Unit in Tennessee Colony,

Texas.  Respondent is the Director of TDCJ-CID.  The court did not issue process in this case

pending preliminary screening.

Statement of the Case:  A jury convicted Petitioner of aggravated robbery with a deadly

weapon and, following his plea of true to the enhancement paragraph, sentenced him to life

imprisonment.  *State v. Brown*, No. F05-72930-M(194th Jud. Dist. Ct., Dallas County 2006).

The Fifth District Court of Appeals affirmed the trial court's judgment concluding the appeal

was frivolous and without merit.  *Brown v. State*, No. 05-06-01360-CR (Tex. App. – Dallas Nov.

2, 2007).  On November 6, 2008, the Texas Court of Criminal Appeals (TCCA) denied

Petitioner's untimely motion for extension of time to file a petition for discretionary review

(PDR).  No. PD-1562-08.  Thereafter, on February 17, 2009, Petitioner filed a state habeas

application pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging his

conviction.  *See* No. W05-72930-M(A) (Attachment A).  The TCCA denied the application

without a written order on April 29, 2009.  *Ex parte Brown*, No. WR-71,873-01.[1]

In his federal petition, filed on June 12, 2009, Petitioner raises four grounds for habeas

relief:  ineffective assistance of trial and appellate counsel, failure to grant a mistrial due to

perjured testimony, and juror misconduct.[2]

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

corpus relief.  *See* 28 U.S.C. § 2244(d).  The court may raise the affirmative defense of the

statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999);

Rule 4 of the Rules Governing § 2254 proceedings (requiring a district court to dismiss a § 2254

petition when it plainly appears from the face of the petition and attached exhibits that the

petitioner is not entitled to relief).

---

[1]    The docket sheets for Petitioner's direct appeal, PDR, and post-conviction writ
are available on the internet.

[2]    Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition
is deemed filed when the prisoner tenders it to prison officials for mailing.  Here Petitioner
signed his petition on May 29, 2009.  On June 6, 2009, he obtained a certificate of inmate trust
account, which he concedes mailing the next day to this court along with the petition and request
for leave to proceed *in forma pauperis*.  (*See* Pet's Nov. 19, 2009 Response (Doc. #10) at 3).
Therefore, the court deems the federal petition filed as of June 7, 2009, the earliest possible date
on which Petitioner could have mailed his federal petition after issuance of the certificate of
inmate trust account.

2

On June 18, 2009, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds.  Petitioner filed his response on November 19, 2009.  Thereafter, the court issued a questionnaire to Petitioner, who filed his answers thereto on December 30, 2009.

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner does not base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the court determines that the facts supporting the claims raised in the instant petition became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  To the extent Petitioner raises a state created impediment in response to the show cause order, *see* discussion *infra,* his arguments are insufficient to invoke subparagraph (B).   Therefore, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).

3

Petitioner's conviction became final on December 2, 2007, the last day on which he could have filed a PDR with the TCCA. *See* TEX. R. APP. P. 68.2(a) (a PDR must be filed within thirty days of the judgment or order denying a timely motion for rehearing); *Flores v. Quarterman*, 467 F.3d 484 (5th Cir. 2006). The belated filing of the motion for extension of time to file a PDR on November 6, 2008, eleven months after the conviction was affirmed, did not extend the date on which Petitioner could have filed a PDR. Likewise, contrary to Petitioner's assertion, the mandate date of January 24, 2008, is inapplicable in calculating the one-year period. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (issuance of a mandate does not control when conviction becomes final for purposes of one-year limitations period). Thus, the one-year limitations period began to run on December 3, 2007, the day after Petitioner's conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998), and expired one year later on December 2, 2008.

While 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of a properly filed state habeas application, statutory tolling is unavailable in this case. Petitioner did not file his state application until February 17, 2009, two and one-half months *after* the expiration of the one-year period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state habeas application is filed after one-year period has expired). Therefore, the federal petition deemed filed on June 6, 2009, more than six months after the one-year period elapsed, is clearly time barred.

In response to the court's show cause order, Petitioner alleges for the first time that "extraordinary circumstances" prevented the timely filing of his federal petition. (*See* Pet's Nov. 19, 2009 Response to Show Cause Order (Doc. # 10) at 1-3). Specifically, he alleges that on

July 28, 2008, he gave Inmate Boyd, a prison writ writer, his legal materials (including the transcripts and clerk's record), but that in late October 2008, prison officials confiscated those materials with Boyd's personal property due to a disciplinary investigation.  (*Id.* at 1; Pet's answer to Question 1 of the questionnaire (Doc. # 12).  Although Petitioner orally requested the return of his legal documents from Officer Stan Hope, he concedes filing no written grievance or request.  (Pet's Answer to Question 5).  Nevertheless, by January 24, 2008, Petitioner received an unspecified portion of his legal materials, which a new writ writer, Hiram Miles, used in preparing and filing the art. 11.07 writ.  (*Id.* at Answer to Question 6 and 7).  On February 13, 2009, shortly after the mailing of the writ, Petitioner asserts that Inmate Boyd agreed to prepare and file the federal petition "because of all the severe circumstances he had placed on" Petitioner.  (*Id.* at Answer to Question 8).

The court liberally construes Petitioner's arguments to assert a state created impediment under § 2244(d)(1)(B), *supra,* as a result of the confiscation of his legal materials.  To invoke § 2244(d)(1)(B), a petitioner must show that:  "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law."  *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).  Assuming the truth of Petitioner's assertion, that his legal materials were confiscated during the investigation of Inmate Boyd, the same is insufficient to invoke § 2244(d)(1)(B).

Petitioner does not alleges that the confiscation of his legal materials created an "unconstitutional" impediment that prevented him from timely filing his federal habeas application.  The requirements of § 2244(d)(1)(B) imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *Miles v. Dretke*, 2004 WL 827941,

*3-4, NO. 3-03-CV-2725-K (N.D.Tex., Apr. 15, 2004), findings and conclusions adopted, 2004

WL 1041635 (N.D.Tex. May 05, 2004) ("Section 2244(d)(1)(B) requires a causal relationship

between the unconstitutional state action and being prevented from filing the petition.").

Petitioner cannot establish a causal link between the forfeiture of Inmate Boyd's property,

which allegedly included Petitioner's own legal materials, and his inability to file a timely federal

petition.  First, Petitioner concedes giving his legal materials to Inmate Boyd.  Having done so he

cannot now argue that "state action" prevented his access to the legal materials in violation of his

federally protected rights.  Second, Petitioner does not identify which of the specific documents

seized prevented him from filing his §2254 petition.  Third, Petitioner does not have the right to

counsel for habeas corpus proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct.

2546 (1991); *Cousin v. Lensin*, 310 F.3d 843, 849 (5th Cir. 2002).  As such, he cannot complain

that he was denied "access" to his inmate writ writer, in violation of his constitutional rights.

Moreover, his pleadings are devoid of any allegations that he was denied access to the prison law

library.  Accordingly, to the extent Petitioner relies on a state created impediment under §

2244(d)(1)(B), his claim fails.

Insofar as Petitioner relies on equitable tolling, his claim fares no better.  "The doctrine of

equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations

would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting

*Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  In *Lawrence v. Florida*, 549 U.S. 327, 336,

127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a

petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way" and prevented timely filing.

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). The Fifth Circuit has recognized that to pursue rights diligently, a litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir.2007) (filing on the last day and encountering a court computer problem that prevented filing showed a lack of diligence).

Petitioner's own allegations confirm that he did not act with due diligence during the one-year period. As in *Johnson*, Petitioner squandered most of the one-year available under § 2244(d)(1), leaving little margin in the event of an error. Petitioner concedes waiting more than seven months after his conviction became final before he gave Inmate Boyd his legal materials to prepare and file an art. 11.07 application. An additional three months elapsed while Boyd had the materials in his possession and apparently drafted an art. 11.07 writ, but did not file it. In early November 2008, when Petitioner first learned that his legal materials had been confiscated along with Boyd's personal property, less than one month remained on the one-year limitations period. Yet Petitioner did not take any steps to prepare and file a new art. 11.07 writ before the expiration of the one-year period on December 2, 2008. He merely sought the return of his legal materials through informal channels on an unspecified date.

The lack of due diligence did not end there. Petitioner did not contact a new inmate writ writer until after the partial return of his legal materials on January 24, 2009, over one and one-half months *after* the one-year period had elapsed. The inmate writ writer in turn delayed until

February 17, 2009, to file the art. 11.07 writ.  By that time, Petitioner concedes that inmate Boyd

had agreed to prepare and file the federal petition.  However, upon receiving notice of the denial

of the 11.07 writ on April 29, 2009, neither Boyd nor Petitioner immediately handed the federal

petition to prison officials for mailing, delaying instead for an additional 39 days.

Petitioner provides no explanation for the lengthy delays in this case.  Unexplained delays

do not evince due diligence or rare and extraordinary circumstances.  "[E]quity is not intended for

those who sleep on their rights.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Insofar as Petitioner relies on his *pro se* status and his own unfamiliarity with the law as a

basis for equitable tolling, his claim fails.  The Fifth Circuit has held that "neither a plaintiff's

unfamiliarity with the legal process nor his lack of representation during the applicable filing

period merits equitable tolling."  *Turner v. Johnson*, 177 F.3d  390, 391-92 (5th Cir. 1999).

Likewise, Petitioner is not entitled to equitable because of the conduct of either of his

inmate writ writers.  The State cannot deny to a prisoner the assistance of prison writ-writers.

*Johnson v. Avery*, 393 U.S. 483, 490, 89 S.Ct. 747 (1969).  The State, however, is not responsible

for the quality of advice or services that a prisoner receives from them.  If a prisoner chooses to

rely on fellow inmates, as in this case, then that is his responsibility.  This applies equally to a

prisoner who relies on counsel during the post-conviction process.  Prisoners do not have a

constitutional right to counsel "when mounting collateral attacks upon their convictions."

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  "Consequently, a [prisoner] cannot claim

constitutionally ineffective assistance of counsel in such proceedings."  *Coleman v. Thompson*,

501 U.S. 722, 752, 111 S.Ct. 2546 (1991).

8

In sum, equitable tolling is not appropriate in a case where the petitioner merely relies on an inmate writ writer.  The actions or inactions of a prison writ writer, just like the actions or inactions of post-conviction counsel, do not amount to exceptional circumstances outside of a prisoner's control.  *See Cousin*, 310 F.3d at 849 ("mere attorney error or neglect is not an extraordinary circumstance" which warrants equitable tolling); *Rhodes v. Dretke*, 2004 WL 2988539, 3:04cv1500-N (N.D. Tex., Dallas Div., 2004), findings accepted, 2005 WL 82214 (N.D. Tex., Dallas Div., 2005) (equitable tolling not warranted for error or neglect of prison writ writer); *Salas v. Cockrell*, 2002 WL 1058203, 3:02cv0040-L (N.D. Tex., Dallas Div., May 22, 2002) (accepting magistrate judge's recommendation) (same).

The party seeking equitable tolling bears the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the habeas corpus petition be dismissed with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).

Signed this 7th day of January, 2010.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**ATTACHMENT A**